UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| Doris Jean Martin, | ) | C/A No. 3:17-cv-1191-DCC |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | ORDER |
| United States of America, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the Court on Defendant's Motion to Dismiss. ECF No. 29. Plaintiff filed a Response in Opposition. ECF No. 32. In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2), (D.S.C.), this matter was referred to United States Magistrate Judge Shiva V. Hodges for pre-trial proceedings and a Report and Recommendation ("Report"). On May 9, 2018, the Magistrate Judge issued a Report recommending that the Motion to Dismiss be granted. ECF No. 34. Plaintiff filed objections to the Report. ECF No. 36.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *See Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a de novo determination of any portion of the Report of the Magistrate Judge to which a specific objection is made. The Court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. *See* U.S.C. § 636(b). The Court will review the Report only for clear error in the absence of an objection. *See Diamond v.*

*Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of timely filed objection, a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." (citation omitted)).

Plaintiff, proceeding pro se, brings this action pursuant to the Federal Tort Claims Act ("FTCA"). ECF No. 1. In her objections, Plaintiff argues that the Magistrate failed to consider her "physical abuse" claim. ECF No. 36 at 1. Liberally construing Plaintiff's pro se Complaint, the Court agrees that Plaintiff may have alleged a claim for assault and battery that was acknowledged but not independently considered in the Report. However, even liberally construing Plaintiff's argument, she has failed to state a plausible claim for relief.

"Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit." *FDIC v. Meyer*, 510 U.S. 471, 475 (1994). "Sovereign immunity is jurisdictional in nature." *Id.*; *see also United States v. Sherwood*, 312 U.S. 584, 586 (1941) ("[T]erms of [the United States'] consent to be sued in any court define that court's jurisdiction to entertain the suit."); *J.C. Driskill, Inc. v. Abdnor*, 901 F.2d 383, 385 n. 4 (4th Cir.1990) ("Waiver of sovereign immunity is a jurisdictional prerequisite in the nature of, but not the same as, subject matter jurisdiction, in that unless sovereign immunity be waived, there may be no consideration of the subject matter."); *Rich v. United States*, 158 F.Supp.2d 619, 630 (D. Md.2001) ("When a plaintiff has failed to establish a waiver of sovereign immunity, a federal court lacks jurisdiction to hear the case." (citing *Global Mail Ltd. v. U.S. Postal Serv.*, 142 F.3d 208, 210 (4th Cir.1998))); 14 Charles Alan Wright et al.,

Federal Practice and Procedure § 3654 (3d ed. 2004) ("The natural consequence of the sovereign immunity principle is that the absence of consent by the United States is a fundamental defect that deprives the district court of subject matter jurisdiction.").

The FTCA provides a limited waiver of the United States' sovereign immunity "for certain torts committed by federal employees." *Ignacio v. United States*, 674 F.3d 252, 253 (4th Cir.2012) (quoting *FDIC*, 510 U.S. at 475). However, the FTCA provides that the United States' limited waiver of sovereign immunity as to negligence committed by government employees shall not apply to "[a]ny claim arising out of assault, battery, . . ." or certain other listed torts. 28 U.S.C. § 2680(h).

Because the United States retained its sovereign immunity under the FTCA as to claims for assault and battery, Plaintiff's claims are jurisdictionally barred. *See Weinraub v. United States*, 927 F.Supp.2d 258, 261–66 (E.D.N.C.2012) (dismissing claims of assault and battery against the United States as barred by sovereign immunity). Accordingly, Plaintiff's claims for assault and battery should be dismissed.

Plaintiff also appears to argue that Defendant's ADR Statement/Certification, ECF No. 33, is evidence of Defendant's intention to settle this case. ECF No. 36 at 2. This is a standard form required to be filed by the Court scheduling order, ECF No. 23, that does not indicate any willingness to settle with Plaintiff. This objection is overruled.

Plaintiff makes no specific objection regarding the Magistrate Judge's recommendation that her medical malpractice claim under the FTCA should be dismissed for failing to file an affidavit of an expert witness. After considering the record in this case, the applicable law, and the Report of the Magistrate Judge, the Court finds no clear error

and agrees with the Report's recommendation that Plaintiff's medical malpractice claim should be dismissed.

Accordingly, the Court adopts, as modified herein, the Report. Defendant's Motion to Dismiss [29] is **GRANTED**.

IT IS SO ORDERED.

                                                s/Donald C. Coggins, Jr.
                                                United States District Judge

July 3, 2018
Spartanburg, South Carolina